UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

_____

| | |
|---|---|
| SCOTT R. SCHUTZ, | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ADVANTA CREDIT CARDS; AMERICAN EXPRESS COMPANY d/b/a AMERICAN EXPRESS; THE NATIONAL BANK OF INDIANAPOLIS COMPANY d/b/a THE NATIONAL BANK OF INDIANAPOLIS; EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES LLC, | )  1:13-cv-01322-TWP-DKL <br> ) <br> ) <br> ) <br> ) <br> ) |
|     Defendants. | ) |

_____

### AMENDED COMPLAINT FOR DAMAGES
_____

### INTRODUCTION

1.    Plaintiff, Scott R. Schutz, brings this action seeking redress against[1] Advanta Credit Cards, American Express Company, The National Bank of Indianapolis, Experian Information Solutions, Inc., and Equifax Information Services LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### PARTIES

2.    Plaintiff, Scott R. Schutz, is a resident of Carmel, Indiana and resides in this District.

3.    Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

4.    Defendant, Advanta Credit Cards ("ACC"), is a furnisher of information as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) & (b), that regularly and in the ordinary

---

[1] Plaintiff's original Complaint For Damages included claims against Ally Financial, Inc. but the parties have resolved those claims and Ally Financial, Inc. is not included as a party in this Amended Complaint For Damages.

course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

5. Non-party, Ally Financial, Inc. ("AFI"), is a furnisher of information as contemplated by the FCRA 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

6. Defendant, American Express Company d/b/a American Express ("AEC"), is a furnisher of information as contemplated by the FCRA 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

7. Defendant, The National Bank of Indianapolis Corporation d/b/a The National Bank of Indianapolis ("NBI"), is a furnisher of information as contemplated by the FCRA 15 U.S.C. § 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

8. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency as contemplated by the FCRA, 15 U.S.C. 1681 *et seq*.

9. Defendant, Equifax Information Services LLC. ("Equifax") is a credit reporting agency as contemplated by the FCRA, 15 U.S.C. 1681 *et seq*.

## JURISDICTION AND VENUE

10. This lawsuit, being brought pursuant to 15 U.S.C. § 1681 *et seq*. presents a federal question and as such, jurisdiction arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681 *et seq*. This Court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. §

1367.

11. All allegations and claims in this complaint stem from false and inaccurate credit reporting relating to Plaintiff.

## GENERAL FACTUAL ALLEGATION

12. Plaintiff was a principal of a now dissolved company, Eden Enterprises, Inc.

13. Eden Enterprises, Inc. was created on January 2, 1991, and was dissolved on August 26, 2009.

14. In March 2013, Plaintiff completed an Annual Credit Report Request Form and mailed it to Annual Credit Report Request Service, P.O. Box 105281, Atlanta, GA 30348-5281 and requested a copy of his credit report from Equifax, Experian and Trans Union.

15. Plaintiff is entitled to a free copy of his credit report each year from Experian, Equifax and Trans Union pursuant to 15 U.S.C. § 1681j(a)(1)(A).

16. Equifax failed to provide Plaintiff a free consumer report after he completed the Annual Credit Request Form and mailed it to Annual Credit Report Request Service, P.O. Box 105281, Atlanta, GA 30348-5281 and requested a copy of his credit report from Equifax, Experian and Trans Union.

17. Experian reports that ACC account number 5475X is an account type of "Business Card" that has a status of "Account charged off. $30,652 written off. $36,652 past due as of Sep 2012."

18. Equifax reports that ACC account number 5475X is an account type of "Business Credit Card" that has a status of "Charge Off."

19. Plaintiff did not sign a personal guarantee related to the ACC account.

20. Plaintiff is not personally liable for ACC account number 5475X.

21. On June 6, 2011, Plaintiff wrote a letter to ACC clearly explaining that the

underlying account was a business account held by Eden Enterprises, Inc. and not Plaintiff's personal account.

22. The June 6, 2011, letter requested documentation validating that the ACC account number 5475X was a personal account.

23. On July 15, 2011, ACC responded to Plaintiff and failed to provide any documentation substantiating that the underlying account is a personal account or an account guaranteed by Plaintiff.

24. On April 24, 2013, Plaintiff wrote a letter to Equifax disputing ACC account number 5475X.

25. Equifax verified ACC account number 5475X on May 21, 2013.

26. On April 24, 2013, Plaintiff wrote a letter to Experian disputing ACC account number 5475X.

27. Experian verified ACC account number 5475X on May 20, 2013.

28. On April 24, 2013, Plaintiff wrote a letter to Experian disputing that he was ever late on AFI account number 0249X.

29. On May 20, 2013, Experian verified AFI account 0249X.

30. Plaintiff was sued by AEC regarding account number 3499X in Hamilton County Superior Court in December 2009.

31. AEC's law suit against Plaintiff was resolved in favor of Plaintiff when he was awarded summary judgment on July 27, 2010, because Plaintiff was not personally liable for AEC account number 3499X.

32. On April 24, 2013, Plaintiff wrote a letter to Equifax disputing AEC account number 3499X.

33. On May 21, 2013, Equifax verified AEC account number 3499X.

34. On April 24, 2013, Plaintiff wrote a letter to Experian disputing AEC account number 3499X.

35. On May 20, 2013, Experian verified AEC account number 3499X.

36. NBI account number 5100X (credit limit $300,000) was not charged off because NBI opened a new account (account number 0449X) to pay-off the remaining balance on NBI account number 5100X (credit limit $300,000).

37. On April 23, 2013, Plaintiff wrote a letter to Equifax disputing NBI account number 5100X (credit limit $300,000).

38. On May 21, 2013, Equifax verified NBI account number 5100X (credit limit $300,000).

39. On April 23, 2013, Plaintiff wrote a letter to Experian disputing NBI account number 5100X (credit limit $300,000).

40. On May 21, 2013, Experian verified NBI account number 5100X (credit limit $300,000).

41. NBI account number 5100X (credit limit $50,000) was not charged off because NBI opened a new account (account number 0449X) to pay-off the remaining balance on NBI account number 5100X (credit limit $50,000).

42. On April 23, 2013, Plaintiff wrote a letter to Equifax disputing NBI account number 5100X (credit limit $50,000).

43. On May 21, 2013, Equifax verified NBI account number 5100X (credit limit $50,000).

44. On April 23, 2013, Plaintiff wrote a letter to Experian disputing NBI account number 5100X (credit limit $50,000).

45. On May 20, 2013, Experian verified NBI account number 5100X (credit limit

$50,000).

46. On April 23, 2013, Plaintiff wrote a letter to Equifax disputing a Marion County Judgment in cause number X3793.

47. On May 21, 2013, Equifax verified the Marion County Judgment in cause number X3793.

## Facts Regarding Equifax

48. In March 2013, Plaintiff requested a copy of his credit report from Equifax.

49. Equifax refused to provide Plaintiff a free copy of his credit report within 15 days.

50. As alleged above, Plaintiff wrote Equifax requesting that it correct various inaccurate information appearing on his credit report.

51. In responses to Plaintiff's dispute of the inaccurate information appearing on his credit report, Equifax advised Plaintiff that ACC account number 5475X had been verified as correct by ACC and would remain on his credit report.

52. Upon information and belief Equifax sent notice of the reinvestigation to ACC.

53. ACC falsely verified the account information to Equifax.

54. Equifax relied exclusively upon ACC's verification.

55. Equifax's reinvestigation was unreasonable as it only copied what ACC informed it and failed to undertake any investigation of its own.

56. In response to Plaintiff's dispute of the inaccurate information appearing on his credit report, Equifax advised Plaintiff that AEC account number 3499X had been verified, updated and would remain on his credit report.

57. Upon information and belief Equifax sent notice of the reinvestigation to AEC.

58. AEC falsely verified the account information to Equifax.

59. Equifax relied exclusively upon AEC's verification.

60. Equifax's reinvestigation was unreasonable as it only copied what AEC informed it and failed to undertake any investigation of its own.

61. In response to Plaintiff's dispute of the inaccurate information appearing on his credit report, Equifax advised Plaintiff that NBI account number 5100X ($300,000 credit limit) had been verified, updated and would remain on his credit report.

62. Upon information and belief Equifax sent notice of the reinvestigation to NBI.

63. NBI falsely verified the account information to Equifax.

64. Equifax relied exclusively upon NBI's verification.

65. In response to Plaintiff's dispute of the inaccurate information appearing on his credit report, Equifax advised Plaintiff that NBI account number 5100X ($50,000 credit limit) had been verified, updated and would remain on his credit report.

66. Upon information and belief Equifax sent notice of the reinvestigation to NBI.

67. NBI falsely verified the account information to Equifax.

68. Equifax relied exclusively upon NBI's verification.

69. In response to Plaintiff's dispute of the inaccurate information appearing on his credit report, Equifax advised Plaintiff that Marion County civil judgment in cause number 49D14-1010-CC-043793 has been satisfied but remains on his credit report.

70. Upon information and belief Equifax hired a contractor to reinvestigate Marion County civil judgment in cause number X3793.

71. Upon information and belief Equifax did not provide any of the supporting documentation Plaintiff provided Equifax to the contractor reinvestigating Marion County civil judgment in cause number X3793.

72. Equifax relied exclusively on its contractor to verify Marion County civil judgment in cause number X3793.

**Facts Regarding Experian**

73. As alleged above, Plaintiff wrote Experian requesting that it correct various inaccurate information appearing on his credit report.

74. In responses to Plaintiff's dispute of the inaccurate information appearing on his credit report, Experian advised Plaintiff that ACC account number 5475X had been verified as correct by ACC and would remain on his credit report.

75. Upon information and belief Experian sent notice of the reinvestigation to ACC.

76. ACC falsely verified the account information to Experian.

77. Experian relied exclusively upon ACC's verification.

78. Experian's reinvestigation was unreasonable as it only copied what ACC informed it and failed to undertake any investigation of its own.

79. In response to Plaintiff's dispute of the inaccurate information appearing on his credit report, Experian advised Plaintiff that AFI account number 0249X had been updated but the information disputed remained the same and would remain on his credit report.

80. Upon information and belief Experian sent notice of the reinvestigation to AFI.

81. AFI falsely verified the account information to Experian.

82. Experian relied exclusively upon AFI's verification.

83. In response to Plaintiff's dispute of the inaccurate information appearing on his credit report, Experian advised Plaintiff that NBI account number 5100X ($300,000 credit limit) updated but the information disputed remained the same and would remain on his credit report.

84. Upon information and belief Experian sent notice of the reinvestigation to NBI.

85. NBI falsely verified the account information to Experian.

86. Experian relied exclusively upon NBI's verification.

87. In response to Plaintiff's dispute of the inaccurate information appearing on his

credit report, Experian advised Plaintiff that NBI account number 5100X ($50,000 credit limit) updated but the information disputed remained the same and would remain on his credit report.

88. Upon information and belief Experian sent notice of the reinvestigation to NBI.

89. NBI falsely verified the account information to Experian.

90. Equifax relied exclusively upon NBI's verification.

**COUNT I (Experian) - FCRA 15 U.S.C. § 1681 *et seq.***

91. Plaintiff realleges and incorporates the above factual paragraphs herein.

92. Defendant Experian is a "consumer reporting agency" as that term is used in 15 U.S.C. § 1681a.

93. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

94. The appearance of the incorrect ACC, AFI, two NBI tradelines was the direct and proximate result of Experian's failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e(b).

95. Experian negligently failed to maintain reasonable procedures to assure them maximum possible accuracy of Plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e(b) and 1681o; alternatively Experian willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

96. Experian has failed to conduct reasonable reinvestigation of Plaintiff's consumer disputes.

97. Experian has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o; alternatively Experian has willfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

98. Experian failed to review the relevant information and documents produced with Plaintiff's dispute.

99. Experian failed to provide the furnisher the relevant information and documents produced with Plaintiff's dispute.

100. Plaintiff has suffered damages as a result of this violation of the FCRA.

101. As a result of Experian's violations Plaintiff suffered damages including but not limited to worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to his reputation, embarrassment, and humiliation, pain and suffering, and lost opportunity to obtain credit, in an amount determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

102. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

103. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff, and against Experian:

    A. Actual, statutory and punitive damages proven by Plaintiff at trial;

    B. Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

    C. Any other relief the Court deems just and proper.

## COUNT II (Equifax) - FCRA 15 U.S.C. § 1681 *et seq.*

104. Plaintiff realleges and incorporates the above factual paragraphs herein.

105. Defendant Equifax is a "consumer reporting agency" as that term is used in 15 U.S.C. § 1681a.

106. The appearance of the incorrect ACC, AEC, NBI[2] and Marion County Judgment tradelines was the direct and proximate result of Equifax's failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff s credit report in violation of the FCRA, 15 U.S.C. § 1681e(b).

---

[2] There are two incorrect NBI tradelines on Plaintiff's Equifax credit report.

107. Equifax negligently failed to maintain reasonable procedures to assure them maximum possible accuracy of Plaintiff's credit report in violation of the FCRA, 15 U.S.C. § 1681e(b) and 1681o; alternatively Equifax willfully failed to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff s credit report in violation of 15 U.S.C. §§ 1681e(b) and 1681n.

108. Equifax has failed to conduct reasonable reinvestigation of Plaintiff s consumer disputes.

109. Equifax has negligently violated the FCRA, 15 U.S.C. §§ 1681i and 1681o; alternatively Equifax has willfully violated the FCRA, 15 U.S.C. §§ 1681i and 1681n.

110. Equifax failed to review the relevant information and documents produced with her disputes.

111. Equifax failed to provide the furnisher the relevant information and documents produced with Plaintiff's disputes.

112. Equifax failed to provide Plaintiff a free copy of his credit report after he requested it pursuant to 15 U.S.C. § 1681j(a)(1)(A) in March 2013.

113. Equifax negligently violated the FCRA, 15 U.S.C. § 1681j(a)(1)(A).

114. As a result of Equifax's violations Plaintiff suffered damages including but not limited to worry, fear, emotional distress, frustration, anxiety, invasion of privacy, damage to his reputation, embarrassment, and humiliation, pain and suffering, and lost opportunity to obtain credit, in an amount determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

115. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

116. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

117. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681o(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff, and against Equifax:

    A.    Actual, statutory and punitive damages proven by Plaintiff at trial;

    B.    Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

    C.    Any other relief the Court deems just and proper.

## COUNT IV - FAIR CREDIT REPORTING ACT (ACC, AEC and NBI)

118. Plaintiff realleges and incorporates the above factual paragraphs herein.

119. ACC, AFI, AEC and NBI were required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Plaintiff by completing an inquiry into the facts underlying each trade line and providing accurate information to the credit reporting agencies regarding each trade line.

120. In the event that ACC was unable to verify the information which it had reported, ACC was required to advise the credit reporting agency of this fact.

121. In the event that AEC was unable to verify the information which it had reported, AEC was required to advise the credit reporting agency of this fact.

122. In the event that NBI was unable to verify the information which it had reported, NBI was required to advise the credit reporting agency of this fact.

123. Following the reinvestigation, ACC reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)and the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(l)(A).

124. Following the reinvestigation, AEC reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)and the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(l)(A).

125. Following the reinvestigation, NBI reported the erroneous credit information with

actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b)and the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(l)(A).

126. Following the reinvestigation, ACC reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(a)(l)(B).

127. Following the reinvestigation, AEC reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(a)(l)(B).

128. Following the reinvestigation, NBI reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(a)(l)(B).

129. Following the reinvestigation, ACC, AFI, AEC and NBI failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) the general duties implied to all conduct of furnisher under 15 U.S.C. § 1681s-2(a)(3).

130. ACC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o; alternatively ACC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

131. AEC negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o; alternatively AEC willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

132. NBI negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1681o; alternatively NBI willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

133. ACC failed to comply with the investigation requirements of the FCRA to conduct a reasonable investigation, 15 U.S.C. § 1681s-2(b), including but not limited to the failure to report the account to the credit bureaus as disputed, and to permanently block the reporting of information found to be incomplete or inaccurate.

134. AEC failed to comply with the investigation requirements of the FCRA to conduct a reasonable investigation, 15 U.S.C. § 1681s-2(b), including but not limited to the failure to report the account to the credit bureaus as disputed, and to permanently block the reporting of information found to be incomplete or inaccurate.

135. NBI failed to comply with the investigation requirements of the FCRA to conduct a reasonable investigation, 15 U.S.C. § 1681s-2(b), including but not limited to the failure to report the account to the credit bureaus as disputed, and to permanently block the reporting of information found to be incomplete or inaccurate.

136. As a result of ACC's violations, Plaintiff has suffered damages including but not limited to worry, fear, emotional distress, frustration, anxiety, invasion of privacy damage to her reputation, embarrassment, humiliation, pain and suffering, and lost opportunity to obtain credit, in an amount determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

137. As a result of AEC's violations, Plaintiff has suffered damages including but not limited to worry, fear, emotional distress, frustration, anxiety, invasion of privacy damage to her reputation, embarrassment, humiliation, pain and suffering, and lost opportunity to obtain credit, in an amount determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

138. As a result of NBI's violations, Plaintiff has suffered damages including but not limited to worry, fear, emotional distress, frustration, anxiety, invasion of privacy damage to her

reputation, embarrassment, humiliation, pain and suffering, and lost opportunity to obtain credit, in an amount determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

139. Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

140. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

141. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681o(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff, and against ACC, AEC and NBI:

    A. Actual, statutory and punitive damages proven by Plaintiff at trial;

    B. Attorney fees and costs pursuant to 15 U.S.C. §1681n; and

    C. Any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

CAMDEN & MERIDEW, PC.

s/ Corey R. Meridew
Corey R. Meridew, #28687-29
Camden & Meridew, P.C.
9200 Keystone Crossing, Suite 150
Indianapolis, Indiana  46240
Direct Dial: (317) 770-0000
Telefax: (888) 339-9611
cm@camlawyers.com

*Attorney for Plaintiff Scott R. Schutz*